Flora LOVEJOY, Plaintiff–Appellant,

v.

Donald M. WATSON, Defendant–Appellee.

No. 11–917.

United States Court of Appeals, Second Circuit.

April 19, 2012.

Flora Lovejoy, Victor, NY, pro se.

PRESENT: DENNIS JACOBS, Chief Judge, BARRINGTON D. PARKER, and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Flora Lovejoy, *pro se*, appeals from the district court's judgment dismissing her wrongful death claim, *sua sponte*, for lack of subject-matter jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Upon *de novo* review, we conclude that the district court properly dismissed the action. The complaint alleged that Lovejoy and the defendant resided in New York, thereby precluding diversity jurisdiction. Moreover, it did not specify the amount in controversy. *See Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir.2009) ("Diversity jurisdiction exists over 'civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States.'" (alteration in original) (quoting 28 U.S.C. § 1332(a)(1))). The complaint likewise failed to invoke federal question jurisdiction: a wrongful death claim does not present a federal question. *Cf. Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356–57 (2d Cir.2011) (rejecting a challenge to federal subject-matter jurisdiction over a wrongful death action because non-diverse defendants were eliminated prior to final judgment). "Where jurisdiction is lacking, ... dismissal is mandatory." *United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994).

Accordingly, we hereby **AFFIRM** the judgment of the district court.